## STATE OF IOWA;

### DES MOINES, JUNE TERM, A. D. 1868.

IN THE TWENTY-SECOND YEAR OF THE STATE.

---

PRESENT:

HON. JOHN F. DILLON, CHIEF JUSTICE.
" CHESTER C. COLE, ⎫
" GEORGE G. WRIGHT, ⎬ JUDGES.
" JOSEPH M. BECK, ⎭

---

HALE, Administrator, v. HUNTER, Administrator.

Descent and distribution: MOTHER FROM CHILD DYING INTESTATE: STATUTE CONSTRUED. Section 2498 of the Revision, providing, that, if the mother be the surviving parent, she shall take only a life estate in the property of her child, dying intestate, relates to real and not to personal property, and under section 2422, which provides that personal property "shall be distributed to the same

persons and in the same proportions as though it were real estate," she takes one-half of his personal estate absolutely.

> *Argu.* 1. CONSTRUCTION. Section 2422 is limited by section 2498, only as to the portion or amount of property the distributee is to take, and not to the character of the title or interest she is to have therein.

> *Argu.* 2. WORDS OF LIMITATION. The principle of construction, that, when a right is granted or secured, or property conveyed or devised, without words of limitation, they shall be so taken and held absolutely, applies as well to statutes as to deeds and wills.

*Appeal from Louisa District Court.*

TUESDAY, APRIL 7.

ROBERT J. RODDAN died January 27, 1867, in early infancy, his father being dead, and left no brother or sister. His mother, Laura C., survived him, and intermarried with one Ayres. She was his guardian, and received, as such, a large amount of money, and also the rents of certain lands, and has since deceased. Plaintiff, as the administrator of the estate of the child, Robert, commenced this proceeding in the County Court against defendant, as the administrator of the mother, Laura C. Ayres, claiming $9,398.04 due said estate on account of moneys and rents received by the guardian and mother, which were the property of her said ward and son. Judgment was rendered for plaintiff in the County Court. An appeal was taken to the District Court, and judgment there rendered for defendant. Plaintiff appeals to this court.

*D. C. Cloud* for the appellant.

*J. Tracy* for the appellee.

BECK, J. — Plaintiff contends, that, upon the death of the infant, Robert, his mother, Laura C., took only a DESCENT AND DISTRIBUTION: mother from child: statute construed. life estate in his personal property, which, at *her* death, became assets of *his* estate, to be distributed to *his* heirs; defendant claims

that the property became the mother's absolutely, at the death of the son.

In order to a clear apprehension of the question involved, it is necessary to consider the changes in the law applicable thereto. Section 1390, of the Code of 1851, provides that personal property of a decedent shall be distributed to the same persons, and in the same proportions, as though it were real estate. Sections 1410 and 1411 provided for the descent of realty in case the father of the decedent was dead, and his mother survived; as they have been repealed, it is not necessary to state their provisions. By the act of March 15, 1858, sections 1410 and 1411 of the Code of 1851 are repealed, and a new rule made, governing the descent of realty in such cases, and providing that the mother shall hold only a life estate therein, and directing to whom it shall descend at her death. Under sections 1410 and 1411, the mother inherited an absolute fee simple estate in the lands.

Section 1390, of the Code of 1851, was re-enacted in the Revision, and appears there as section 2422, while the act of March 15, 1858, is printed therein as sections 2494 to 2498.

Now, it is contended, that, by force of section 2498, the mother, in this case, will take only a life interest in the *Argu.* 1. Construction. personal estate of her son. This section, by its express terms, provides rules for the descent of real estate and not for the distribution of personal property, and has nothing to do therewith unless referred to by other provisions. But it is so referred to by section 2422. For what purpose? Section 2422 provides, that personal property " shall be distributed to the same persons and in the same proportions as though it were real estate." We must go to sections 2494–2498 to find to what *persons* and *in what proportions* the personalty shall be distributed. We are

referred to them for no other purpose — not to ascertain whether the interest or title shall be absolute, or for life. It is not said, that it shall be held as is provided in section 2498; we obtain no directions from them except as to the persons taking and the proportions they receive. Before the repeal of sections 1410 and 1411, of the Code of 1851, they determined the persons who were distributees of the personalty and the portions to be received by them as such. Under the Code the mother, as heir, took her portion absolutely and without condition; not because, under sections 1410 and 1411, as an heir, she so inherited realty, but because section 1390 contained no words of limitation of the interest she received by virtue thereof.

Section 2422, of the Revision (section 1390 of the Code of 1851), declares who shall be distributees, by reference *Argu. 2. Words of limitation.* to other provisions of the laws, and such distributees take without limitation or condition. It is a well understood principle of construction, applicable as well to statutes as to deeds and wills, that, when a right is granted or secured, or property conveyed or devised, without words of limitation, they shall be so taken and held absolutely. We conclude, therefore, that the mother, as distributee of the property of her son, took the same absolutely and without limitation upon her interest therein.

Section 2480, of the Revision, is referred to by defendant's attorney, claiming, that its provisions apply to the case at bar. We think differently. It most evidently has reference to the personal property which a *widow* receives from the estate of her husband, and not to the property which a mother may receive as a distributee of her deceased child.

The judgment of the court below is

                                                    Affirmed.